# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

THOMAS C. HUGUES, JR.
and JOANNA HUGUES,

**Bankruptcy Case
No. 05-40214**

**Debtors.**

_____

### MEMORANDUM OF DECISION

_____

**Appearances:**

    M. Brent Morgan, Pocatello, Idaho, Attorney for Debtors.

    Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Trustee R. Sam Hopkins.

### *Introduction*

On September 20, 2006, Service, Spinner & Gray ("SSG") filed an Application for Compensation and Reimbursement of Expenses by Trustee's Attorneys. Docket No. 46. On September 27, 2006, M. Brent Morgan ("Morgan") filed an Application for Compensation and Reimbursement of Expenses By Debtors' Attorney. Docket No. 49. The chapter 7 trustee, R. Sam Hopkins,

MEMORANDUM OF DECISION - 1

objected to Morgan's Application. Docket No. 54. The Court conducted a hearing on both applications on October 25, 2006, and thereafter took the issues under advisement. Having considered the arguments and submissions of the parties, as well as the applicable law, this Memorandum constitutes the Court's findings of fact, conclusions of law, and disposes of both applications. Fed. R. Bankr. P. 7052; 9014.[1]

### *Procedural History*

On February 14, 2005, Debtors Thomas C. Hugues, Jr., and his wife, Joanna Hugues ("Debtors") filed a chapter 7 bankruptcy petition. R. Sam Hopkins was appointed to serve as trustee in the case ("Trustee"). Debtors received a discharge on May 25, 2005. However, on December 7, 2005, Trustee, acting through SSG, commenced an adversary proceeding against Debtors in which he sought to have their discharge revoked, alleging that they had engaged in fraud and a willful failure to disclose their ownership of a 2005 Featherlite horse trailer. Adv. Proc. No. 05-8133. Defendants were represented by Morgan in this adversary proceeding. The Court ultimately concluded that no intent to defraud

---

[1] All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005), because Debtors' bankruptcy case was commenced on February 14, 2005, prior to BAPCPA's effective date of October 17, 2005.

MEMORANDUM OF DECISION - 2

had been demonstrated, and declined to revoke Debtors' discharge. Memorandum of Decision, pp. 16-17, Adv. Docket No. 17.

The fee applications filed by SSG and Morgan deal primarily with services provided to their respective clients in the prosecution and defense of the adversary proceeding.

### *Analysis and Disposition*

#### I. Trustee's Counsel

"[T]he trustee, with the court's approval, may employ one or more attorneys, . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 330(a)(1) "authorizes 'reasonable compensation for actual, necessary services rendered' by a professional [to a trustee]." *Ferrette & Slater v. United States Trustee* (*In re Garcia*), 335 B.R. 717, 724 (9th Cir. BAP 2005). No objections were filed concerning this application.[2] However, the Court has an independent obligation to review the application even in the absence of an objection. *In re Dale's Crane, Inc.*, 99 I.B.C.R. 8, 8 (Bankr. D. Idaho 1999) (citing *In re Auto Parts Club*, 211 B.R. 29, 33 (9th Cir. BAP 1997)).

---

[2] The U.S. Trustee filed a response to the application on October 3, 2006, indicating it had no objection. Docket No. 53.

MEMORANDUM OF DECISION - 3

In its application, SSG seeks an award of $2,400 in fees, and $193.80 in expenses for serving as Trustee's counsel.[3] After appropriate application and notice, Trustee was authorized to employ SSG by an order entered on August 3, 2005. Docket Nos. 16; 21. As its employment has been properly approved, if SSG can demonstrate its services were actual and necessary, then it is entitled to reasonable compensation for those services and reimbursement of its actual expenses. *In re Garcia*, 335 B.R. at 723–24. When determining whether the services were actual and necessary, "a professional need demonstrate only that the services were reasonably likely to benefit the estate at the time rendered." *Id*. at 724.

SSG's services were necessary. While Trustee did not ultimately prevail in his efforts to have Debtors' discharge revoked, it was no doubt his duty to pursue the action if he believed cause existed to do so. Section 704(6) provides that the trustee *shall* "if advisable, oppose the discharge of debtor." Here, it appeared to Trustee that Debtors had not properly disclosed an asset which Trustee ultimately liquidated for $12,000. This Court has held that discharge "is not a foregone conclusion in every case; it is a benefit which is granted only the honest debtor, who complies with the requirements of the Code and Rules, and

---

[3] It appears that SSG actually incurred $4,285 in fees, but reduced its fee request by $1,885. There is no explanation for the reduction.

MEMORANDUM OF DECISION - 4

with orders of the Court." *In re Espinoza*, 03.3 I.B.C.R. 185, 188 (Bankr. D. Idaho 2003). Trustee had an obligation to oppose Debtors' discharge since it appeared that Debtors had not disclosed the existence of a valuable asset. Trustee acted appropriately to employ counsel to advise him regarding his responsibilities, and to pursue the adversary proceeding under these facts.

Having determined that the services provided by SSG were necessary to assist Trustee in the performance of his statutory duties, the remaining question regarding SSG's fee application is whether the amounts requested are reasonable. To evaluate the reasonableness of the amount requested, the Court must consider the factors set forth in § 330(a)(3)(A)–(E). *Id.* at 723–24. Specifically, the Court must consider the nature, the extent, and the value of such services, taking into account all relevant factors, including– (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable based on the customary

MEMORANDUM OF DECISION - 5

compensation charged by comparably skilled practitioners in cases other than bankruptcy cases.

The Court has reviewed SSG's itemization of services in representing Trustee in this case and finds the time spent rendering, and the amounts charged for, those services to be very reasonable. The Court further finds that SSG's services were performed within a reasonable amount of time given the nature of the proceeding. While the Court has little concern with SSG's proposed rates of $125-150 per hour for attorney services, and $60 per hour for paralegal services, SSG has agreed with Trustee to significantly reduce its fee request from the amount calculated at those rates. The reduced amount of fees requested therefore seems extremely fair. Additionally, the expenses appear to have been necessarily incurred, and are reasonable in amount, and as a result, are appropriately reimbursed.

In conclusion, SSG's request for $2,400 in fees and $193.80 in costs will be approved.

## II. Debtors' Counsel

Morgan seeks a total of $2,342.50 in attorneys fees and $6.81 in costs for representing Debtors in the adversary proceeding. At oral argument, he

MEMORANDUM OF DECISION - 6

made a somewhat novel argument to support his right to recover fees from the bankruptcy estate. In response, Trustee argues there is no legal basis for Morgan's claim to recover fees and costs from the bankruptcy estate. But Morgan contends that his fees are recoverable as an administrative expense under § 503(b)(1)(A), because his successful defense of Debtors' position in the adversary proceeding "preserved the estate" at least to the same extent as Trustee's prosecution of the adversary proceeding did. While representing an interesting approach to interpreting this statute, the Court concludes that Morgan's argument lacks merit.

Section 503 provides that "[a]n entity may timely file a request for payment of an administrative expense . . . ."

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including —
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

11 U.S.C. § 503(b)(1)(A). The burden of proving entitlement to an administrative expense priority is on the claimant. *In re Korn*, ___ B.R. ___, 2006 WL 2854515 (Bankr. D. Idaho, Oct. 6, 2006), (citing *Einstein/Noah Bagel Corp. v. Smith (In re BCE West, L.P.),* 319 F.3d 1166, 1172 (9th Cir. 2003) (additional citations omitted)). Furthermore, while the Court is given broad discretion over

MEMORANDUM OF DECISION - 7

administrative expense requests, it is required to construe the terms "actual" and "necessarily" narrowly, in order to "maximize and protect the limited assets of the bankruptcy estate for the benefit of unsecured creditors," which is "particularly important in a Chapter 7 case." *In re TSB, Inc.*, 302 B.R. 84, 87 (Bankr. D. Idaho 2003) (citing *In re Coolex*, 96 I.B.C.R. 35, 36 (Bankr. D. Idaho 1996) (additional citations omitted)).  To meet his burden, Morgan must demonstrate that his claim "was incurred postpetition, was an actual and necessary expense, and directly and substantially benefitted the estate." *Id.* (citing *In re Custom Spray Techs., Inc.*, 00.3 I.B.C.R. 160 (Bankr. D. Idaho 2000)).  Morgan has not met his burden.

There is no doubt that Morgan's fees were incurred post-petition. And although he can probably demonstrate that his fees were "actual," the Court is not persuaded that his services were "necessary" for the preservation of the bankruptcy estate.  While Morgan's efforts were very obviously necessary in defending Debtors' entitlement to a discharge, those services were not required to administer the bankruptcy estate.

This distinction becomes even more clear when the Court considers the third prong – whether his services substantially benefitted the estate.  Morgan's services certainly benefitted Debtors, but they were of little value to the bankruptcy estate or creditors.  The adversary proceeding was one for revocation

MEMORANDUM OF DECISION - 8

of discharge. Had Trustee succeeded, Debtors' creditors could have both received distributions from the bankruptcy estate, and pursued collection of any balances due from Debtors. In a real sense, Morgan's services in preventing that result was adverse to the interests of the creditors. And Debtors' retention of their discharge neither enhanced nor diminished the bankruptcy estate.

Morgan apparently argues that if Trustee's prosecution of an adversary proceeding to revoke Debtors' discharge is necessary and beneficial to the administration of the estate, then logically, Morgan's participation in the defense of that action should also be viewed as equally necessary and beneficial to the administration of the estate. The Court disagrees. Morgan's argument misperceives the legal basis for payment of the Trustee's attorneys' fees from the assets of the bankruptcy estate. Trustee need not rely on § 503(b)(1)(A) to justify his counsel's fees. Trustee can instead rely upon the express language of § 503(b)(2), which provides that administrative expenses shall be allowed, including "compensation and reimbursement awarded under section 330(a) of this

MEMORANDUM OF DECISION - 9

title; . . . ."[4] Hence, Morgan's claim for fees does not enjoy an equal status to that of SSG under the Code.[5]

### *Conclusion*

Trustee's counsel is entitled to an award of $2,400 in fees and $193.80 in costs under § 330(a)(1) and § 503(b)(2). Debtor's counsel is not entitled to recover fees and costs from the bankruptcy estate as an administrative expense under §503(b)(1)(A).

A separate order will be entered.

Dated: December 8, 2006

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[4] Of course, unlike Trustee's attorneys, Morgan cannot recover his fees and costs from the bankruptcy estate under § 330 because that provision is inapplicable to the chapter 7 debtors' attorney. Section 330(a)(1) provides that "the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103" reasonable compensation for actual, necessary services rendered. Section 327 concerns professional persons employed by the trustee, and does not apply to debtors' counsel in an adversary case, unless employed by the trustee and approved by the court. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). Section 1103 will also not help Morgan since this is a chapter 7 case.

[5] Because the Court concludes that there is no legal basis for Morgan's fee claim, it is unnecessary for the Court to consider Trustee's alternative argument that Morgan's application should be denied because it was not timely filed.

MEMORANDUM OF DECISION - 10